IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ARMAGENE B. ELLIS-MACLIN,          )
                                   )
                    Plaintiff,     )
                                   )
        v.                         )          1:26-CV-3
                                   )
MR. COOPER GROUP, INC.,            )
                                   )
                    Defendant.     )

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, Chief District Judge.

The plaintiff, Armagene B. Ellis-Maclin, alleges she was displaced from her home. She brings claims against the defendant,[1] a mortgage servicer, for violations of state and federal law. Because Ms. Ellis-Maclin does not allege sufficient facts to state a claim against the defendant, and her proposed amended claims are futile, the defendant's motion to dismiss will be granted.

### I. Background

According to her amended complaint, Ms. Ellis-Maclin is a resident of Durham, North Carolina, with a home located on Lillington Drive. The defendant has serviced the mortgage on that property for a number of years. Ms. Ellis-Maclin alleges that in 2020, her abusive former spouse, Barrington A. Smith, ceased residing at the property.

---

[1] The defendant asserts that Ms. Ellis-Maclin incorrectly named Mr. Cooper Group, Inc. as the defendant, and that the correctly named defendant is Rocket Mortgage, LLC, as successor by merger to Nationstar Mortgage LLC. For ease of reference, the court uses a shorthand "the defendant" throughout this order.

In that same year, Ms. Ellis-Maclin began "exchanging personal documents" with the defendant, such as her "marriage license, divorce paperwork, passport information, re-marriage documents, proof of insurance documents, tax statements, check stubs, utility bills," and "information on abuse that [she] suffered" from Mr. Smith. Doc. 8 at 3. Ms. Ellis-Maclin asserts she is a "named successor-in-interest to the mortgage that is on [her] property." *Id.*

The defendant allegedly "failed and refused to transfer the mortgage into the Plaintiff's name on the sole basis that the abuser, who was their client, Barrington A. Smith, failed and refused to give his 'consent' and participate in any process that would get the mortgage 'out of his name' and into Plaintiff's name." *Id.* According to the amended complaint, the defendant "accepted payments from the Plaintiff for more than 18 months and it only improved the abuser[']s credit." *Id.*

Ms. Ellis-Maclin made a "full mortgage payment on January 15, 2026." *Id.* at 4. However, she states that she has "been displaced out of [her] home since 12/30/2025 and [has] experienced extreme emotional distress being displaced and having [her] children and grandchildren displaced." *Id.* at 3.

Ms. Ellis-Maclin alleges the existence of an "Equitable Distribution (ED) Order," which "required for the Plaintiff to have the mortgage put into her name either by refinancing or assuming the mortgage." *Id.* at 4. She also alleges the property "was taken from the plaintiff and given to the abuser on the sole basis that plaintiff failed to refinance the property or otherwise get it out of the abuser's name." *Id.*

2

Ms. Ellis-Maclin asserts the defendant "did not honor an implied contract." *Id.* at 3. She also asserts the defendant violated the Violence Against Women Act (VAWA), the Fair Housing Act (FHA), and the Equal Credit Opportunity Act (ECOA),[2] by failing to transfer the mortgage to Ms. Ellis-Maclin. *Id.*

## II. Discussion

### A.       Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (cleaned up). On a motion to dismiss, courts take the allegations in the complaint as true, drawing all inferences in the plaintiff's favor. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). But courts are not required to "accept as true legal conclusions drawn from the facts or any other unwarranted inferences, unreasonable conclusions, or arguments." *Just Puppies, Inc. v. Brown,* 123 F.4th 652, 660 (4th Cir. 2024) (cleaned up).

*Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (cleaned up); *Nichols v. Bumgarner*, __ F.4th __, 2026 WL 1084251, at *2 (4th Cir. 2026). In addition, it may be appropriate to "look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff" to determine whether their claims can withstand a motion to dismiss. *Dawkins v. Staley,* No. 22-CV-

---

[2]    The court construes Ms. Ellis-Maclin's reference to "Equal Credit Protection Act," Doc. 8 at 3, as an assertion of a claim under the ECOA.

3

299, 2023 WL 1069745, at *2 (M.D.N.C Jan. 27, 2023); *Armstrong v. Rolm A. Siemans Co.,* 129 F.3d 1258, 1997 WL 705376, at *1 (4th Cir. 1997) (per curiam) (unpublished table decision).

However, the liberal construction of a *pro se* plaintiff's pleading does not require district courts to ignore clear defects in pleading, *Bustos v. Chamberlain,* No. 09-CV-1760, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), or to "conjure up questions never squarely presented to them." *Folkes v. Nelsen,* 34 F.4th 258, 269 (4th Cir. 2022) (cleaned up). Nor does it require that the court become an advocate for the unrepresented party. *Jackson v. Dameron,* 171 F.4th 641, 650 (4th Cir. 2026); *see Lindemann-Moses v. Jackmon,* 644 F. Supp. 3d. 163, 170 (M.D.N.C. 2022). It is not the role or responsibility of the Court to undertake the legal research needed to support or rebut a perfunctory argument. *See Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978); *see also King v. Rubenstein*, 825 F.3d 206, 225 (4th. Cir. 2016).

## B. Implied Contract

"[A] contract implied in fact arises where the intent of the parties is not expressed, but an agreement in fact, creating an obligation, is implied or presumed from their acts." *Creech v. Melnik,* 347 N.C. 520, 526, 495 S.E.2d 907, 911 (1998). As with any contract, "it is essential . . . that there be mutual assent of both parties to the terms of the agreement so as to establish a meeting of the minds." *Id.* at 527 (cleaned up).

Here, Ms. Ellis-Maclin's claim for implied contract fails because she "never identifies precisely what the defendant allegedly promised to do." *Putnam v. CIT Small Bus. Lending Corp.,* 509 F. App'x 195, 196 (4th Cir. 2013) (cleaned up). This is critical

4

because "[c]redit transactions do not lend themselves to the supplying of essential terms by the courts by implication." *Id.*

Ms. Ellis-Maclin contends an implied contract was formed because she is a "named successor-in-interest to the mortgage." Doc. 8 at 3. She states that defendant "confirm[ed] that the Plaintiff is" a successor-in-interest. Doc. 18 at 2. But these contentions do not help identify what the defendant allegedly "promised to do." *Putnam,* 509 F. App'x at 196; *see Normile v. Miller*, 313 N.C. 98, 103, 326 S.E.2d 11, 15 (1985) (holding a contract is not formed unless the parties "assent to the same thing in the same sense." (cleaned up)).

Ms. Ellis-Maclin suggests that the defendant implied it would "transfer the mortgage" to her. Doc. 8 at 3. But she has not alleged any actions by the defendant that plausibly support an inference of "an agreement in fact, creating an obligation," to transfer the mortgage. *Creech,* 347 N.C. at 526. She alleges she sent payments and documents to the defendant, but that the defendant "refused to transfer the mortgage" without the "sign-off" of Mr. Smith. Doc. 8 at 3–4. This is not enough to plausibly establish "a meeting of the minds." *Creech,* 347 N.C. at 527.[3]

Ms. Ellis-Maclin's claim for implied contract fails as a matter of law. It will be dismissed.

---

[3] In view of this result, the Court need not address the defendant's additional contention that any alleged implied contract to transfer the mortgage "would be barred by North Carolina's statute of frauds." Doc. 15 at 6; *but see also Tuten v. CitiMortgage, Inc.,* No. 14-CV-99, 2015 WL 12850549, at *6 (E.D.N.C. Jan. 9, 2015) ("An unexecuted verbal agreement by a mortgagee to modify a real estate mortgage does not come within the statute of frauds.").

### C.     Statutory Claims

Ms. Ellis-Maclin's statutory claims will also be dismissed.  The facts as alleged do not state plausible claims for relief.

### i.     Violence Against Women Act

The VAWA imposes liability on a person "who commits a crime of violence motivated by gender."  34 U.S.C. § 12361(c).  But Ms. Ellis-Maclin does not allege the defendant engaged in such a crime.  While she suggests she was "the victim of domestic violence and . . . economic abuse," Doc. 18 at 3, she does not allege facts attributing such conduct to the defendant.  In addition, the United States Supreme Court has held that the private right of action under the VAWA is unconstitutional.  *United States v. Morrison,* 529 U.S. 598, 627 (2000).  Ms. Ellis-Maclin's VAWA claim thus fails as a matter of law.

### ii.     Fair Housing Act

The FHA prohibits discrimination in "the terms, conditions, or privileges of sale or rental of a dwelling, . . . because of race, color, religion, sex, familial status, or national origin."  42 U.S.C. § 3604(b).  To state a claim under this provision, a plaintiff must allege either that "the defendant had a discriminatory intent or motive," or that the defendant's challenged practices "have a disproportionately adverse effect on protected classes and are otherwise unjustified by a legitimate rationale."  *Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 421 (4th Cir. 2018) (cleaned up).

Ms. Ellis-Maclin asserts discrimination based upon "familial status."  Doc. 8 at 3. That status is defined as "one or more individuals (who have not attained the age of 18 years) being domiciled with" either "a parent or another person having legal custody of

6

such individual or individuals" or "the designee of such parent or other person having such custody." 42 U.S.C. § 3602(k). But Ms. Ellis-Maclin does not allege she is such a parent or person having legal custody, and she does not allege that the defendant took any action based on her having such a position. If anything, she suggests that the defendant acted because of Mr. Smith's conduct. Doc. 8 at 3.

In addition, Ms. Ellis-Maclin has not alleged "the defendant had a discriminatory intent or motive," *Reyes,* 903 F.3d at 421, either by direct evidence or by alleging that "other similarly situated applicants who were not in the protected classes received loans or were treated more favorably." *Adam v. Wells Fargo Bank, N.A.,* No. 09-CV-2387, 2010 WL 3001160, at *3 (D. Md. July 28, 2010). She also has not alleged a disparate impact, absent facts showing a "causal connection between the defendant's policy and [a] statistical disparity" in impact on a protected class. *Reyes,* 903 F.3d at 426.

Ms. Ellis-Maclin has not stated a claim for relief under the FHA.

### iii.     Equal Credit Opportunity Act

Ms. Ellis-Maclin's ECOA claim fails for similar reasons. The ECOA prohibits discrimination against "any applicant, with respect to any aspect of a credit transaction," based on "race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a). Plaintiff does not state a claim for disparate treatment, absent allegations of "more favorable treatment" by others outside a protected class. *Grant v. Vilsack,* No. 10-CV-201, 2011 WL 308418, at *2 (E.D.N.C. Jan. 27, 2011). She does not allege a disparate impact due to a discriminatory policy of the defendant. *See id.*

7

In addition, "[t]he animating principle of the ECOA and its state analogues is to prevent discrimination against those applying for credit." *Capitol Indem. Corp. v. Aulakh*, 313 F.3d 200, 202 (4th Cir. 2002). Ms. Ellis-Maclin does not allege that she was an "applicant" in any "credit transaction." *See* 15 U.S.C. § 1691(a). She has not alleged facts that state an ECOA claim.

### D. Proposed Amendments

Ms. Ellis-Maclin raises additional factual allegations and legal theories in her responses to the defendant's motion and affidavit in support thereof. *See* Docs. 17–19. These allegations and theories do not remedy the deficiencies in her existing claims. To the extent Ms. Ellis-Maclin suggests amendments to her claims, "it is well-established that parties cannot amend their complaints through briefing." *S. Walk at Broadlands Homeowners Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d. 175, 184 (4th Cir. 2013) (cleaned up).

Further, any amendment to add claims and allegations as Ms. Ellis-Maclin suggests would be futile. Many of Ms. Ellis-Maclin's contentions in response to the defendant's motion are perfunctory, and she does not address the elements of the causes of action she asserts or the case law that shows that those claims cannot proceed. The Court thus will not "explore exhaustively all potential claims," but rather endeavor to address the "essential grievance" in her contentions. *Jackson,* 171 F.4th at 650 (cleaned up); *see Gordon*, 574 F.2d at 1152.

Ms. Ellis-Maclin proposes to assert claims as a "successor in interest," under mortgage servicing provisions of the Real Estate Settlement Procedures Act (RESPA),

Truth in Lending Act (TILA), and related Consumer Financial Protection Bureau (CFPB) regulations. Doc. 18 at 2. It is true that CFPB regulations set forth procedures for mortgage servicers to follow for "successors in interest," including "where the spouse or children of the borrower become an owner of the property." 12 C.F.R. § 1024.31; *see, e.g.*, 12 C.F.R. § 1024.41 (setting forth requirements for loss mitigation). But Ms. Ellis-Maclin does not point to any alleged facts showing how the defendant violated any of these procedures. *See* Doc. 18 at 2–3.

In addition, "making payments on the loan related to the mortgaged property does not make a person a 'borrower' for purposes of RESPA." *Kamara v. Selene Fin., LP,* No. 25-CV-611, 2026 WL 767684, at *4 (E.D. Va. Mar. 18, 2026) (cleaned up). Absent allegations that she is a "borrower, Congress has not granted the plaintiff a private right of action under RESPA." *Id.* (cleaned up). Likewise, Ms. Ellis-Maclin has not alleged facts supporting a claim under TILA, which generally "requires lenders to make certain disclosures to consumer borrowers." *Lavis v. Reverse Mortg. Sols., Inc.*, 40 F.4th 181, 183 (4th Cir. 2022).

Ms. Ellis-Maclin challenges a state court order "that held Plaintiff in contempt of Court, . . . transferred ownership of the property to the ex-spouse, and ordered the property sold." Doc. 18 at 7. She asserts this improperly modified an earlier "Equitable Distribution" order that "awarded the property" to her. *Id.*; *see* Doc. 19 at ¶ 26. This Court, however, already has held that "absent rare exceptions not present here," this Court cannot "correct state court errors." Doc. 5 at 3.

In addition, Ms. Ellis-Maclin maintains that the defendant is responsible for allowing or causing the state court order to go forward, resulting in "Constitutional violations." Doc. 18 at 8; *see* Doc. 19 at ¶¶ 14–27. But she has not alleged any facts tending to show that the defendant is a state actor or that "the state has so dominated its activity as to convert it into state action." *DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999) (cleaned up). She thus has not stated a claim for "Constitutional violations" arising from the deprivation of her alleged property rights. Doc. 18 at 9.

In sum, Ms. Ellis-Maclan's complaint does not state a claim upon which relief can be granted. The proposed amendments to her complaint that she suggests in response to the defendant's motion would be futile.

It is **ORDERED** that the defendant's motion to dismiss, Doc. 14, is **GRANTED**. Judgment will be entered separately as time permits.

This the 30th day of April, 2026.

_____
UNITED STATES DISTRICT JUDGE

10